# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BRYCE FRANKLIN and MATT HURST,**

    **Plaintiffs,**

v.                                                                                                                          **No. 18-cv-1099 WJ/SMV**

**N.M. DEP'T OF CORR., CENTURION
CORRECTION HEALTHCARE OF N.M., LLC,[1]
DAVID FAJARDO, WENDY CABAN,
ELLEN WITMAN, and JOHN DOES 1–2,**

    **Defendants.**

## ORDER EXCUSING DEFENDANTS FROM LITIGATION OBLIGATIONS
## UNTIL FURTHER ORDER OF THE COURT

THIS MATTER is before the Court on Plaintiffs' pro se Civil Complaint [Doc. 1-1], filed September 7, 2018. Defendant Centurion Correctional Healthcare of New Mexico, LLC, removed the case to this Court on November 26, 2018. [Doc. 1]. Because Plaintiffs are inmates who seek redress from the government, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A. Sua sponte dismissal is required if the Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. 28 U.S.C. §1915A(b) (2012). Defendants may decline to respond to the Complaint until the Court orders them to do so. 42 U.S.C. § 1997e(g)(1)–(2) (2013). Inmate petitions are also excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M.LR-Civ.16.3(d).

---

[1] Plaintiffs incorrectly identified Defendant Centurion Correctional Healthcare of New Mexico, LLC, in their Complaint as Centurion Medical Services. *See* [Doc. 1] at 1.

**IT IS THEREFORE ORDERED** that until further order by the Court, Defendants are excused from any litigation obligations, including responding to the Complaint or any filing by a party. Once screening is complete, the Court will enter a separate order either dismissing the Complaint or setting further deadlines.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**