# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

vs.                                                          No. 18-cv-1099 WJ-SMV

NEW MEXICO DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Bryce Franklin's *Pro Se* Prisoner Civil Rights Complaint (**Doc. 1-1**). Defendant Centurion Correctional Healthcare (Centurion) removed the Complaint from New Mexico's First Judicial District Court. The Complaint alleges prison officials were deliberately indifferent to Franklin's medical needs. Having reviewed the matter under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

## **BACKGROUND**[1]

Franklin was previously incarcerated at the Penitentiary of New Mexico (PNM). (Doc. 4 at 2). In 2017 and 2018, he was placed in the Predatory Behavior Management Program (PBMP), which mandates solitary lockdown for 23 hours per day. Prison officials do not conduct a "daily sick call" round in the PBMP pod, but sick call slips may be submitted. Franklin alleges prison officials were deliberately indifferent regarding four separate medical problems.

The first alleged problem arose in 2017. It appears that upon his arrival at PNM, Franklin

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

learned that tattoo needles facilitate the transmission of Hepatitis C in prisons. Franklin had previously obtained many tattoos in prison, and he submitted sick-call slips asking to be tested for Hepatitis C. Medical staff responded by stating his "levels indicated he did not need to be tested." (**Doc. 1-1 at 9**). The Court discerns Franklin is referring to his liver enzymes levels, although it is not entirely clear. Franklin still wished to be screened for Hepatitis C, but PNM officials never administered the test.

The second problem concerns athlete's foot. Franklin normally changes his socks two or three times a day based on excessive sweating, but PNM officials limited him to one pair of socks and shoes for several months. His feet started itching and exhibiting bumps. He suspected athlete's foot based on his medical history and submitted a sick-call slip. Medical officials did not initially respond, and his feet started cracking, bleeding, and burning. He experienced difficulty walking and showed his feet to the nurses in his pod. The medical unit never saw Franklin, and the fungus cleared up on its own after two months.

Franklin next complains PNM medical staff refused to timely treat his tooth ache. He submitted a sick-call request after experiencing throbbing pain, which intensified when he drank hot or cold beverages or ate sweet items. It took two months for Franklin to see the dentist. The dental assistant stated the wait was attributable to "lack of staff." (**Doc. 1-1 at 11**).

The final medical problem occurred on May 23, 2018. Franklin fell to the ground while playing handball with another inmate. He experienced extreme back pain and could not move his left arm. Franklin asked a nearby correctional officer to call the medical unit, but Franklin was not immediately seen. He spoke with "medical" the following night and asked for pain medication. Franklin was placed on the list to see the doctor, who was out until the following Monday. He

spent the weekend "laying in his bunk," and "even little movements caused severe sharp pain." (**Doc. 1-1 at 12**). In the following days, PNM nurses dispensed ibuprofen for pain. However, Franklin alleges he "continued to suffer for several weeks without ever seeing a physician." *Id.* at 13.

Construed liberally, the Complaint raises claims under the Eighth Amendment; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and the New Mexico Tort Claims Act (NMTCA). Franklin seeks injunctive relief and unspecific damages from: (1) the New Mexico Department of Corrections (DOC); (2) Centurion; (3) Warden Fajardo; (4) Acting PNM Dr. Ellen Witman; (5) Nurse Wendy Caban; and (6) several John Doe medical officials. Franklin also seeks to raise claims on behalf of his "Co-Plaintiff" and fellow PNM inmate Matt Hurst. However, Hurst did not sign the Complaint, and, as a *pro se* litigant, Franklin cannot litigate on behalf of others. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (noting "the competence of a layman is clearly too limited to allow him to risk the rights of others"). The Court will therefore strike all claims pertaining to Hurst; focus solely on Franklin's claims in this screening ruling; and direct the Clerk's Office to mail Hurst a form civil rights complaint, in the event he wishes to pursue his own claims.

## STANDARD OF REVIEW

The Court has discretion to dismiss a complaint filed by a prisoner at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th

Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

Plaintiff primarily asserts Eighth Amendment Claims pursuant to 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying this standard, the Complaint fails to state a cognizable claim. Defendant "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *See Blackburn*

*v. Department of Corrections,* 172 F.3d 62 (10th Cir. 1999). Centurion and Warden Fajardo can be liable under § 1983, but only if their official policy or custom caused the deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."); *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (to face liability, prison supervisors must "promulgat[e] ... a policy that caused a deprivation of plaintiff's rights"). Franklin has not explained how any particular policy promulgated by Centurion or Warden Fajardo caused the violation. As to the individual Defendants (Dr. Witman and Nurse Caban), the Complaint does not describe how they were personally involved in the alleged deprivation of medical care. Further, Franklin's reference to "John Doe" staff members is not sufficient to bring any person into this action. A successful § 1983 complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Even if Franklin named individuals subject to liability, the allegations do not rise to the level of an Eighth Amendment violation. Deliberate indifference occurs where a prison official is subjectively aware of an excessive risk to health and recklessly disregards that risk. *See Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The establish the subjective prong of the test, the defendant must be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

None of the medical issues here meet this standard. Franklin has not alleged he exhibited symptoms of Hepatitis C, even though he had tattoos. Nevertheless, it appears prison officials tested his liver enzymes, and "his levels indicated he did not need to be tested for Hepatitis C." (**Doc. 1-1 at 9**). As to the athlete's foot, courts have uniformly held that "foot fungus (that is, athlete's foot) does not satisfy the objective component of an Eighth Amendment deliberate indifference claim." *Aragon v. Baroni*, 2014 WL 3562998, at *8 (D. Colo. July 18, 2014) (collecting 16 cases). The Court is also not convinced that a two-month delay in dental care "resulted in substantial harm." *Mata*, 427 F.3d at 751. In fact, under Tenth Circuit law, the failure to address ongoing dental issues and provide timely teeth cleanings may not even rise to the level of an Eighth Amendment violation. *See, e.g., Sayed v. Broman*, 638 Fed. Appx. 698 (10th Cir. Jan. 5, 2016), *cert. denied*, 136 S. Ct. 1670 (2016).

The fourth issue – failure to treat back pain – is also not actionable based on the current allegations. The Complaint reflects Franklin was given ibuprofen within days of his accident. To the extent he wanted something stronger, the Tenth Circuit has repeatedly held that an inmate cannot sue based on "a disagreement with medical judgment concerning the most appropriate treatment." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). *See also Carter v. Troutt*, 175 Fed. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional

violation."). Franklin has also demonstrated any individual was subjectively aware of any serious issues. The deliberate-indifference claims therefore fail.

Finally, relief is not available under the ADA or the Rehabilitation Act. There allegations do not demonstrate Franklin is disabled, as required by both statutes.² And, in any event, "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation." *Rashad v. Doughty*, 4 Fed. App'x 558, 560 (10th Cir. 2001) (unpublished); *see also Moore v. Prison Health Serv., Inc.*, 201 F.3d 448 (10th Cir. 1999) (same).

Based on the foregoing, the Court concludes Franklin's Complaint fails to state a cognizable federal claim.³ The Court will therefore dismiss the Complaint and deny Franklin's motions to conduct a scheduling conference or order an answer (**Docs. 6, 8**). The Tenth Circuit counsels that "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Franklin will be permitted to file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that the Court **STRIKES** all unsworn allegations/claims raised on behalf

---

² In fact, there are no specific allegations supporting either claim. Under his subheadings titled "Violation of the Rehabilitation Act" and "Discrimination … on the basis of disability in violation of the [ADA]," Franklin writes "to be amended after discovery." (**Doc. 1-1 at 17**).

³ The NMTCA claim is also facially deficient, based on the failure to name any individuals involved in the wrongdoing.

of Matt Hurst.  The Clerk's Office shall **MAIL** Hurst a form civil rights complaint and a form *in forma pauperis* application, to the extent he wishes to prosecute his own claims.

**IT IS FURTHER ORDERED** that the Complaint (**Doc. 1-1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A; and Bryce Franklin may file an amended complaint within thirty (30) days of entry of this order..

**IT IS FURTHER ORDERED** that Bryce Franklin's Motion for Scheduling Conference (**Doc. 6**) and Motion for Answer (**Doc. 8**) are **DENIED** without prejudice.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE